**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-81077-Civ-Middlebrooks/Matthewman

NELSON FERNANDEZ,

    Plaintiff,

v.

HAYSTACKS LLC,

    Defendant.

_____/

**ADA TITLE III SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the Court finds it necessary to issue a scheduling order tailored to the circumstances of this case, which has been brought under Title III of the Americans with Disabilities Act ("ADA"). Accordingly, to secure the just, speedy, and inexpensive determination of his case, consistent with Fed. R. Civ. P. 1, it is

**ORDERED** that the provisions of Federal Rule of Civil Procedure 26(a)(1) and Local Rule 16.1, which concern initial disclosures and the filing of a Conference Report and Joint Proposed Scheduling Order, are waived. Instead, the Parties must comply with the deadlines set forth below. These deadlines are **not** advisory and must be strictly followed. No extensions of time will be granted absent good cause.

The Parties are advised that this Order does **not** affect the responsive pleading deadlines set forth in Federal Rule 12(a)(1)(A).

1. Plaintiff[1] must serve a copy of this Order on any Defendant who is served with process after the date of this Order.

2. By June 30, 2021, Plaintiff must answer, under oath or penalty of perjury, a verified statement responding to the Court's interrogatories, attached as Appendix A; serve a copy on Defendant and file the answers with the Court titled as "Answers to Court's Interrogatories."

3. By July 14, 2021, Plaintiff must also provide Defendant a copy of a written report concerning any claimed ADA violations.

4. By August 11, 2021, Defendant must serve Plaintiff with a written response including any existing report on which Defendant intends to rely (an expert report is not yet required). Defendant's response must include Defendant's position on any claimed violations of the ADA.

5. By September 8, 2021, the Parties must mediate this case before a mediator of their choice. If the Parties cannot agree on a mediator, the Court will appoint one.

6. By September 15, 2021, the Parties must jointly file a status report that notifies the Court whether they have settled the case or reached an impasse.

7. If the Parties settle at mediation, appropriate dismissal documents shall be submitted by September 22, 2021.  The settlement agreement should contain, to the extent possible, an agreement on attorney's fees, including litigation expenses, and costs.  If there is no agreement, the Court, at the Parties' request, will reserve jurisdiction to decide the issue of attorney's fees, expenses, and costs.  Any request for attorney's fees, expenses, and costs

---

[1] If there is more than one plaintiff or defendant named in this case, the singular reference to plaintiff or defendant also includes the plural.

2

must be made in a separate motion or petition filed no later than fourteen (14) days after the entry of judgment.[2] Notably if the Parties wish the Court to enter a consent judgment, the Court will not approve or reserve jurisdiction to enforce a confidential settlement agreement.

8. If the Parties settle at any time *prior* to mediation, counsel shall promptly inform the Court by calling the chambers of U.S. District Judge Donald M. Middlebrooks at (561) 514-3720 and, within 10 days of notification of settlement to the Court, submit appropriate dismissal documents, pursuant to Federal Rule of Civil Procedure 41(a). The Parties shall abide by all time requirements set by this Order unless and until an order of dismissal is docketed.

9. If the Parties do not settle, they must **IMMEDIATELY** file a Conference Report and Joint Proposed Scheduling Order. S.D. Fla. L.R. 16.1(b). The Court may thereafter hold a Preliminary Pretrial Conference and will issue a Scheduling Order. The Court's goal is to set the case for trial at the earliest practicable time, but no later than six (6) months from the date of service of process on the first named Defendant.

10. Until the Parties file the Case Management Report, all discovery in this case is **STAYED**, except as provided herein.

11. In the alternative to the foregoing procedures, this Court hereby advises the Parties of the opportunity to consent to the jurisdiction of the paired U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). The paired U.S. Magistrate Judge generally allows parties great flexibility in setting the course, schedule, and trial date of their case. A fully executed consent form should be filed as soon as practicable if the Parties wish to consent to trial

---

[2] In deciding entitlement to and any amount of attorney's fees, the Court advises that it will consider whether any pre-suit efforts were made to resolve the issues without filing suit.

3

before a U.S. Magistrate Judge.  A sample form is attached as Appendix B to this Scheduling Order.

**SIGNED** in Chambers at West Palm Beach, Florida, this 17th day of June, 2021.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

## **APPENDIX A**

## **UNITED STATES DISTRICT COURT**
## **SOUTHERN DISTRICT OF FLORIDA**

COURT'S INTERROGATORIES - ADA TITLE III

1. Residence Address.

2. Name of current employer and place of employment.

3. Describe the nature of your disability.

4. Date(s) and time(s) that you visited the subject property.

5. Did anyone accompany you? If so, who?

6. What is the proximity of the subject property to your home and/or place of employment?

7. Describe your last patronage of the subject property.

8. Describe the definiteness of your plans to return to the subject property.

9. Specifically list each architectural barrier that you personally observed or experienced at the subject property. Alternatively, if the violations alleged in this suit pertain to a website associated with Defendant, specifically list each access barrier that you personally observed or experienced on the website.

10. Did you take notes or make a contemporaneous record of these barriers? If so, attach a copy to these Answers.

11. What notice of deficiencies or other efforts did you make to resolve your complaints before filing suit?

12. To what extent has counsel for Plaintiff conducted a search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether or not Defendant or the property at issue has ever been sued prior to the filing of this suit, for alleged violations of the ADA?

13. If there has been a prior filing, counsel shall state whether or not Defendant (and/or property owned by Defendant and the subject-matter of this suit) has complied with any settlement in the prior litigation, and if not, what remains to be done under the prior litigation.

## **APPENDIX B**

## **UNITED STATES DISTRICT COURT**
## **SOUTHERN DISTRICT OF FLORIDA**

NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE
BY A U.S. MAGISTRATE JUDGE

Counsel shall review this notice with their client(s) before executing their notice of consent to trial before a U.S. Magistrate Judge.

Under 28 U.S.C. § 636(c), a U.S. Magistrate Judge may, upon the consent of all the parties in a civil case, conduct all proceedings, including a trial and all post-judgment proceedings. A consent form is attached and is also available from the Clerk of the Court.

You have a right to trial by a U.S. District Judge. Your decision to consent to the referral of your case to a U.S. Magistrate Judge for disposition is entirely voluntary on your part; your lawyer cannot make this decision for you. You may, without adverse substantive consequences, withhold your consent, but this will prevent the Court's jurisdiction from being exercised by a Magistrate Judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any Magistrate Judge or to the District Judge to whom the case has been assigned.

Parties cannot withdraw their consent once given, although a District Judge may vacate a referral upon a showing of extraordinary circumstances by a party. An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the U.S. Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this District Court.

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. [           ]-Civ-Middlebrooks/Matthewman

[                    ],

    Plaintiff(s),

v.

[                    ],

    Defendant(s).
_____/

NOTICE OF CONSENT TO EXERCISE OF
JURISDICTION BY A U.S. MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case consent to have a U.S. Magistrate Judge conduct any and all proceedings in this case, the Parties consent to the exercise of jurisdiction by the Magistrate Judge over all further proceedings in this case, including trial and all post-judgment proceedings.

| Party | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |