UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cv-81077-DMM

**NELSON FERNANDEZ,**

      Plaintiff,

vs.

**HAYSTACKS LLC, a foreign limited liability company,**

      Defendant.
_____/

### NOTICE OF FILING PLAINTIFF'S RESPONSES TO COURT INTERROGATORIES

Plaintiff NELSON FERNANDEZ, through undersigned counsel and in compliance with this Court's ADA Title III Scheduling Order dated June 17, 2021 [ECF No. 4], hereby gives notice of filing Plaintiff's Responses to Court Interrogatories attached as Exhibit "A".

| | |
|---|---|
| RODERICK V. HANNAH, ESQ., P.A.<br>Counsel for Plaintiff<br>4800 North Hiatus Road<br>Sunrise, FL 33351-7919<br>T. 954/362-3800<br>954/362-3779 (Facsimile)<br>Email: rhannah@rhannahlaw.com | LAW OFFICE OF PELAYO DURAN, P.A.<br>Co-Counsel for Plaintiff<br>4640 N.W. 7th Street<br>Miami, FL 33126-2309<br>T. 305/266-9780<br>305/269-8311 (Facsimile)<br>Email: duranandassociates@gmail.com |
| By____*s/ Roderick V. Hannah*____<br>    RODERICK V. HANNAH<br>    Fla. Bar No. 435384 | By____*s/ Pelayo M. Duran*____<br>    PELAYO M. DURAN<br>    Fla. Bar No. 0146595 |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of June, 2021, a true and correct of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below:

*Attorneys for Defendant*
*HAYSTACKS LLC*

                                                       */s/ Roderick V. Hannah*
                                                         Roderick V. Hannah

## Exhibit "A"

### Plaintiff's Answers to Court Interrogatories

1. Residence address.

RESPONSE:

**374 Piedmont Trail
Delray Beach, Florida 33484**

2. Name of current employer and place of employment.

RESPONSE:

**I am currently unemployed.**

3. Describe the nature of your disability.

RESPONSE:

**I have been diagnosed with Relapsing-Remitting Multiple Sclerosis ("RRMS"). As a result of this disease, I am currently paralyzed in approximately 80% to 90% of my body as a whole and only have limited use of my left hand. Further, because of the disease, I developed optic neuritis and am visually disabled with complete blindness in one eye and limited vision in the other eye. I thus am substantially limited in performing one or more major life activities, including, but not limited to, seeing, accurately visualizing my world, and adequately traversing obstacles.**

4. Date(s) and time(s) that you visited the subject property.

RESPONSE:

**I first visited the Defendant's website on my personal computer on April 1, 2021, but cannot recall the exact times.**

5. Did anyone accompany you? If so, who?

RESPONSE:

**No.**

6. What is the proximity of the subject to your home and/or place of employment?

**RESPONSE:**

**The website was and is available on my home laptop computer. The closest physical store of Defendant to my home is at 401 East Atlantic Avenue, Delray Beach, Florida, approximately 6.5 miles away.**

7.  Describe your last patronage of the subject property.

**RESPONSE:**

**This is an inaccessible website case and not an architectural barrier case. I last attempted to access the website on April 1, 2021.**

8.  Describe the definiteness of your plans to return to the subject property.

**RESPONSE:**

**I plan to return to and fully use the subject website as soon as the detailed access barriers described in the Complaint are remedied and/or removed. I also plan to make visits to the closest brick and mortar store in the near future after first utilizing the benefits available on the website without barriers, including shopping and pre-shopping of available merchandise and securing exclusive discounts, which will make my visit to the store simpler, more convenient, and less of a stressful and frightening experience.**

9.  Specifically list each architectural barrier that you personally observed or experienced at the subject property. Alternatively, if the violations alleged in this suit pertain to a website associated with Defendant, specifically list each barrier that you personally observed or experienced on the website.

**RESPONSE:**

**My case is based on the inaccessibility of Defendant's website as a necessary service, privilege, advantage, and extension of, and gateway to, Defendant's physical stores. It is not being brought regarding any architectural barriers at any particular physical store location. The website access barriers I personally encountered when I visited the website were the following:**

   a.  **Return to homepage link was mislabeled;**

   b.  **Account button was mislabeled as "link";**

   c.  **Submenu was inaccessible when navigating with a keyboard; and**

   d.  **Search was mislabeled as "button".**

10. Did you take notes or make a contemporaneous record of these barriers? If so, attach a copy of these answers.

**RESPONSE:**

**I memorialized these events by executing a sworn declaration, a copy of which is attached as Exhibit "1". In addition, my counsel retained an expert, Robert D. Moody, who independently visited the website shortly after I visited it and confirmed that the same access**

4

**barriers that I had encountered existed. The Declaration of Mr. Moody is attached as Composite "B" to the Complaint [see ECF No. 1-3].**

11. What notice of deficiencies or other efforts did you make to resolve your complaints before filing suit?

**RESPONSE:**

**None.**

12. To what extent has counsel for Plaintiff conducted a search of case filings in the records of the clerk of the United States District Court for the Southern District of Florida to ascertain whether or not Defendant or the property at issue has ever been sued prior to the filing of this suit, for alleged violations of the ADA?

**RESPONSE:**

**Both prior to and after filing the lawsuit, my attorneys conducted a thorough Pacer search of the court records of the United States District Court for the Southern District of Florida and found no prior lawsuits against the same or similarly named Defendant:**

13. If there has been a prior filing, counsel shall state whether or not Defendant (and/or property owned by Defendant and the subject-matter of this suit) has complied with any settlement in the prior litigation, and if not, what remains to be done under the prior litigation.

**RESPONSE:**

**N/A**

## DECLARATION OF PLAINTIFF[1]

**PURSUANT TO 28 U.S.C. §1746 AND THE LAWS OF THE STATE OF FLORIDA, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE INTERROGATORIES ARE TRUE AND CORRECT.**

_____
NELSON FERNANDEZ

06/28/2021
_____
Date

---

[1] Plaintiff is a physically and visually disabled, high-risk person who has self-quarantined and thus is unable to travel to a Notary Public due to the current COVID-19 pandemic crisis. He has made efforts to secure the services of a remote Notary Public but has been unable to do so as the remote Notary Publics in his area have been unresponsive. Plaintiff thus submits his Court Interrogatory answers under oath and under penalty of perjury pursuant to his Declaration as set forth above, to ensure timely filing of his answers per the Court's Order.

# EXHIBIT "1"

## **Declaration of Nelson Fernandez**

I, Nelson Fernandez, submit this declaration and declare the following:

1. I declare that I have personal knowledge of the facts contained herein.

2. I am a resident of the City of Delray Beach in the State of Florida and the United States of America.

3. I have been diagnosed by a licensed medical doctor with Relapsing-Remitting Multiple Sclerosis and optic neuritis.

4. I can function in most areas of my day to day life and using technology is helpful.

5. Like most people, the use of technology allows me to access important information for me and my family that include news, restaurant menus and reviews, shopping and the related sales and savings, medical, pharmacy and homeopathic information, to name a few.

6. Where many times my use of technology is to learn more about a particular interest or current need, it is equally as important to help me, and my family plan our visit to particular venues such as a restaurant or store.

7. My health issues are visually debilitating and as such, proper access to the internet and the information it contains is so very important in my ability to function in my daily life.

8. When using technology, I try to use the advanced features or additional hardware and software that aids in my limitations. At times this is helpful but often it is not enough as the website visited has not been designed for these aides.

9. On April 1, 2021 I was using my computer and attempted to access the Haystacks website located at https://www.haystacks.net/.

10. I wanted to utilize the Website and browse for business location, check store hours, and look through the merchandise and on-line offers. Unfortunately, the website was very difficult for me to use.

11. When accessing the website, I encountered the following problems:

    a. Return to homepage link is mislabeled.

    b. Account button is mislabeled as "link".

    c. Submenu inaccessible when navigating with a keyboard.

       d. Search mislabeled as "button".

12. At a minimum, these specific issues have kept me from accessing/using the website like any other person.

Under penalties of perjury, I hereby and affirm the following statements are true and correct.

_____
Nelson Fernandez

Date: 04/07/2021