# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NELSON FERNANDEZ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Case No. 9:21-cv-81077-DMM<br>HAYSTACKS LLC, a foreign limited )<br>liability company, )<br>)<br>Defendant. )<br>) | |

## DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT AND FOR EXTENSION OF TIME TO ANSWER TO COMPLAINT

Defendant, HAYSTACKS LLC, a foreign limited liability company, without opposition from Plaintiff, moves the Court to set aside the Clerk's default entered on July 26, 2021, and for an extension of time until August 9, 2021 for Defendant to file its answer to the Complaint. In support of this Motion, Defendant states as follows:

1. On June 16, 2021, Plaintiff filed a Complaint (the "lawsuit") against Defendant, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. §794, et seq. ("Rehab Act").

2. The Summons and Complaint were served on an employee at the

Defendant's Delray Beach, Florida store location on June 29, 2021. See D.E. 6.

3. Therefore, Defendant had until July 20, 2021 to respond to the Complaint.

4. However, Defendant did not calendar the deadline, and the deadline passed without Defendant retaining counsel or filing a response.

5. Unbeknownst to Defendant, Plaintiff moved for, and the clerk entered, a default on July 26, 2021.

6. Defendant retained counsel on July 26, 2021.

7. Defendant's counsel reached out to Plaintiff's counsel on July 26, 2021 to explain the situation. Plaintiff responded unopposed to setting aside the default and granting an extension.

8. Considering the above, Defendant asks the Court to set aside the Clerk's Default and requests an extension of time until August 9, 2021 to answer the Complaint.

9. The undersigned has conferred with Plaintiff's counsel, who indicated that Plaintiff does not oppose any of the relief requested in this motion.

10. This motion is made in good faith and not for purposes of delay.

## MEMORANDUM OF LAW

### I. THERE IS GOOD CAUSE TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT

The Eleventh Circuit has a strong policy of determining cases on their merits and, therefore, does not favor default judgments. *See, e.g., Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Pursuant to Federal Rule of Civil Procedure 55(a), when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A Court may, however, "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts construe the "good cause" standard liberally on a case-by-case basis. *Compania Interamericana Export-Import, S.A. v. Compania Domincana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In contrast to the heightened "excusable neglect" standard for setting aside a default judgment under Federal Rule of Civil Procedure 60(b), a movant seeking to obtain relief from the entry of a Clerk's default under Rule 55(c) is only required to make a "bare minimum showing" to support its claim for relief. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

While "good cause" is a mutable standard that varies depending on the situation, courts analyzing whether "good cause" exists have commonly

considered: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana*, 88 F.3d at 951. These factors are not "talismanic," however, and courts may, at their discretion, consider other factors, including but not limited to: (1) whether the public interest was implicated; (2) whether there was significant financial loss to the defaulting party; and (3) whether the defaulting party acted promptly to correct the default. *Id.* As discussed below, the circumstances weigh in favor of setting aside the Clerk's Default.

### A.    **Defendant's Default Was Neither Culpable Nor Willful**

Defendant lost track of the deadline to respond to the Complaint. These circumstances ultimately resulted in the entry of the Clerk's Default. When a review of the Court's docket revealed that a Clerk's Default had been entered, Defendant immediately sought out counsel, and upon retaining counsel promptly moved to set aside the Clerk's Default so that it may participate in the case on the merits. Accordingly, the Court should set aside the Clerk's Default and allow this case to proceed on the merits.

### B.    **Setting Aside the Clerk's Default Will Not Prejudice Plaintiff**

The delay in responding to the Complaint is in no way prejudicial to Plaintiff. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient

prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 U.S. Dist. LEXIS 3384, at *7 (S.D. Fla. Jan. 16, 2008) (quoting *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)). None of those circumstances are present here. Plaintiff will have ample time to assert his claims, engage in discovery, and present his case to the factfinder. Setting aside the default will not affect his ability to recover damages in this action if he prevails.

### C. Defendant Has Meritorious Defenses

To show a meritorious defense, the "[l]ikelihood of success is not the measure." *Griffin*, 2008 U.S. Dist. LEXIS at *8 (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). When a defendant provides a mere "hint of a suggestion" that its case has merit, this showing is made. *Rodriguez*, 2013 U.S. Dist. LEXIS 86131, at *8.

Here, in its forthcoming Answer and Defenses, Defendant will deny all material allegations in the Complaint. Defendant also intends to assert additional viable defenses supporting a finding that it's website did not violate the ADA or the Rehab Act. Accordingly, this factor weighs in favor of setting aside the Clerk's Default.

### D. **<u>Defendant Would Suffer Financial Loss if This Case Were Not Decided on the Merits</u>**

In the Complaint, Plaintiff contends that Defendant's website violates the ADA and the Rehab Act, and as such is entitled to injunctive relief and attorney's fees and costs. Defendant denies that it violated the ADA and the Rehab Act, and maintains that it's website was in compliance with the ADA and the Rehab Act. Thus, Defendant believes that it owes nothing to Plaintiff. If a default judgment is entered in Plaintiff's favor, Defendant would suffer financial loss. Accordingly, Defendant submits that this factor weighs in favor of allowing this case to be decided on the merits.

### E. **<u>Defendant Acted Promptly to Correct the Default</u>**

Upon learning of the Clerk's Entry of Default, Defendant immediately sought to retain counsel. Defendant retained the undersigned on July 26, 2021, and the undersigned immediately sought to confer with counsel for Plaintiff regarding the instant motion. The parties were able to confer on July 26, 2021 regarding the relief sought in this motion, and the motion is being filed upon completion of the conferral on July 26, 2021. Therefore, Defendant has been diligent in addressing and seeking to remedy the default.

## CONCLUSION

Considering the foregoing, the Clerk's Default should be set aside to allow this case to be determined on the merits in accordance with the Eleventh Circuit's strong policy. Defendant respectfully requests that the Court enter an Order: (1) granting this Motion; (2) setting aside the Clerk's Default entered against Defendant; (3) granting Defendant an extension of time of fourteen days from today (i.e., through August 9, 2021) to answer the Complaint; and (4) granting such other and further relief as this Court deems just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

Counsel for Defendants has conferred with counsel for Plaintiff who is not opposed to the relief requested.

This 26th day of July, 2021

        Respectfully submitted,

        Spire Law, LLC
        2572 W. State Road 426, Suite 2088
        Oviedo, Florida 32765

        By: */s/Whitney M. DuPree*
            Whitney M. DuPree, Esq.
            Florida Bar No. 110036
            whitney@spirelawfirm.com
            sarah@spirelawfirm.com
            laura@spirelawfirm.com
        Attorney for Defendants | HAYSTACKS, LLC

## **CERTIFICATE OF SERVICE**

I hereby Certify that on this 26th day of July, 2021, the foregoing was electronically filed with the Court by using the Southern District of Florida's CM/ECF portal, which will send a notice of electronic filing to: Roderick V. Hannah Esq. at Roderick V. Hannah, Esq., P.A. rhannah@rhannahlaw.com 4800 N. Hiatus Road Sunrise, FL 33351; and Pelayo M. Duran, Esq. at the Law Office of Pelayo Duran, P.A. duranandassociates@gmail.com 4640 N.W. 7th Street Miami, FL 33126.

*/s/ Whitney M. DuPree*
Attorney